RECEIVED
DEC 06 2021
BY MAIL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA                PLAINTIFF

v.                    Case No. 4:18-cr-739 AGF-9

DOUG KELSAY, ET AL                      DEFENDANT

### DEFENDANT DOUG KELSAY'S VERIFIED MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 USC 3582(c)(1)

Comes now Defendant Doug Kelsay (Defendant Kelsay) and for his verified motion for sentence reduction pursuant to 18 USC 3582(c)(1) and states:

JURISDICTION, VENUE, EXHAUSTION

1. Defendant Kelsay has exhausted all administrative remedies required as a condition precedent for filing a motion pursuant to 18 USC 3582(c)(1)(A)(i)..

2. Specifically but without limitation, Defendant Kelsay submitted a BP8, Documentation of Informal Resolution, a copy of which is attached hereto as Exhibit "1."

3. Defendant Kelsay then filed a BP9, (formal request to the warden), dated 10-13-2021, a copy of which is attached hereto as Exhibit "2." Said BP9 was actually and properly submitted on 10-13-2021.

4. Under the DOJ-FBOP Program Statements, (PS) "Administrative Remedy Program" PS1330.18, (12) RESPONSE TIME 542.18, a warden ordinarily has 20 days to respond to a BP9.

5. Congress in the enactment of 18 USC 3582(c)(1) provided that the right to file a motion would accrue by reason of the inaction of a warden, upon the expiration of 30 days after submission of the formal request by way of BP9.

6. The responsible warden did not respond to the said BP9 within 30 days of submission.

7. Therefore, Defendant Kelsay has exhausted all administrative remedies required by the aforementioned 18 USC 3582(c)(1)(A)(i).

8. Furthermore, Defendant Kelsay has exhausted all administrative remedies "available" to him, within the meaning of the law.

FACTS SHOWING ENTITLEMENT TO RELIEF

9. Defendant on 10/2/2019 was sentenced on Count One of an indictment, as follows:

    A.  102 months imprisonment for violation of 21 USC 841(a)(1) and (b)(1)(B), and 21 USC 846, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine.

10. Defendant Kelsay's current "Good Conduct Time" (GCT) release date is 12-29-2026.

11. Defendant Kelsay has not yet been referred to the DOJ-FBOP RDAP (Residential Drug and Alcohol Program) but could do such things on extra supervised release if so ordered.

12. Defendant Kelsay has roughly 14 months of time in county jail for which the DOJ-FBOP refuses to give him credit.

13.   Time in county jail is far harsher than prison.

14.   Defendant Kelsay is to his understanding eligible for approximately 18 months time in reduced security confinement pursuant to the First Step Act of 2018, (FSA) 18 USC 3624(g).

15.   The personnel at this prison won't even talk to inmates about FSA reduced security time credits. Defendant Kelsay is not aware of any inmate at this prison actually being awarded FSA time credits.

16.   If Defendant Kelsay had gotten the FSA credit to which he is entitled, and reasonable halfway house, he would very soon be in some form of reduced security confinement.

17.   Defendant Kelsay provides the information below, showing the time that he should leave prison if the DOJ-FBOP took its responsibilities seriously.

| Reason | Amount of time |
| --- | --- |
| FSA | 18 months |
| Drug program | 12 months off |
| Halfway house | 12 months (minimum for drug program) |
| County time | 14 months |
| Total | 56 months |

18.   The extra months to Defendant Kelsay's GCT release is scarcely more than is needed to litigate this motion.

19.   Defendant Kelsay needs some dental cavities filled.

20.   Defendant Kelsay has been on the "waiting list" for dental fillings basically since coming into the custody of the United States.

21.   Defendant Kelsay has not been provided regular checkups or dental cleanings.

22.   It is a virtual certainty that Defendant Kelsay will not get the needed dental care, while in prison.

23.   Dental floss is often not sold on commissary, for long periods of time. This makes it very difficult to maintain a high degree of dental hygiene.

24.   Congress in 28 USC 994(g) has provided that:
   (g)The Commission, in promulgating guidelines pursuant to subsection (a)(1) to meet the purposes of sentencing as set forth in section 3553(a)(2) of title 18, United States Code, shall take into account the nature and capacity of the penal, correctional, and other facilities and services available, and shall make recommendations concerning any change or expansion in the nature or capacity of such facilities and services that might become necessary as a result of the guidelines promulgated pursuant to the provisions of this chapter. The sentencing guidelines prescribed under this chapter shall be formulated to minimize the likelihood that the Federal prison population will exceed the capacity of the Federal prisons, as determined by the Commission.
   (Emphasis added)

25.   Federal prisons are seriously overcrowded and have been for literally decades.

26.   Dental care in federal prisons generally, and this prison specifically, has been reduced to a complete mockery of the directives of Congress in 28 USC 994(g).

27.   If Defendant Kelsay receives a reduction in sentence such that he can earn the wherewithal for his own medical and dental care, he will promptly devote as much of his earnings as he can reasonably spare, to remediating his dental issues.

28.   If Defendant Kelsay was allowed to serve the remainder of his term as additional supervised release, he could earn enough money to at least fix the most pressing dental issues.

29.   Defendant Kelsay has worked as a shear operator (cutting metal) for approximately the last 4 months, for Federal

Prison Industries, (FPI) also known as "UNICOR.."

30. Defendant Kelsay has provided thousands of dollars worth of labor, for which he is paid a pittance.

31. Defendant Kelsay finds it impossible even to persuade his custodians to provide basic, reasonable dental care that normal people in the free world would buy on their own, as partial consideration for his labor.

32. Worse yet, the DOJ-FBOP won't allow inmates to have ACCESS to reasonable dental care, even if they have enough money to pay for it on their own.

33. Defendant Kelsay seeks relatively modest relief, since he would be eligible for halfway house soon anyway.

34. Defendant Kelsay is denied access to a computer to do his college work or other educational efforts. Typewriters are available, for which each inmate must purchase a wheel and supplies of ribbon. Ribbon is drastically more expensive than toner, on a per page basis. Typewriters are altogether incompatible with efficient and effective education in the skills essential to succeed in the contemporary job market.

35. This prison administration is utterly hostile to educational opportunity.

36. If this prison administration was agreeable, Defendant Kelsay could get ten educational computers, software, peripherals, office supplies, service, support, internet service, etc., in order to provide inmates with a quality educational experience. All this would be at no cost to the taxpayers.

37. Defendant Kelsay has an associate's degree with a 3.4 GPA.

38. Defendant Kelsay would like further education.

39. Defendant Kelsay's aspirations to a competent education are a pipe dream, so long as he is in the custody of the DOJ-FBOP.

40. Extra supervised release is the most logical means of allowing Defendant Kelsay reasonable educational opportunity.

WHEREFORE, Defendant requests that his sentence be reduced to time served; alternatively for a reduction in security level, to additional supervised release or to home confinement; and for such other, further, or different relief as may be appropriate, whether or not specifically requested.

VERIFICATION

Defendant Doug Kelsay by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully submitted,

)
)

By:_____          _____
Doug Kelsay, 48315-044                    Date
MILAN FCI
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
PO BOX 1000
MILAN, MI 48160

CERTIFICATE OF SERVICE - PRISON MAILBOX RULE

Plaintiff by his signature above declares under penalty of perjury pursuant to 28 USC 1746 that on the date stated above he placed a copy of this pleading in the prison outgoing mail receptacle, with sufficient 1st Class Postage attached, addressed to the clerk of the court for filing and service via CM/ECF.

```
                    RECEIPT - ADMINISTRATIVE REMEDY



DATE: NOVEMBER 18, 2021



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MILAN FCI

TO  : DOUG KELSAY, 48315-044
      MILAN FCI    UNT: G UNT DRUG    QTR: G04-101U



THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 1099767-F1
DATE RECEIVED   : NOVEMBER 2, 2021
RESPONSE DUE    : NOVEMBER 22, 2021
SUBJECT 1       : OTHER COMMUNITY PROGRAMS
SUBJECT 2       : OTHER SENTENCE COMPUTATION
```

**U.S. DEPARTMENT OF JUSTICE**  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**



*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __KelSAY, Doug E__  __48315-044__  __G-B-101u__  __Milan__
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

I would Like to file a Motion for Reduction of Sentence under the first Step Act 18 USC 3582(C) Please give me permission to do it.

__10-13-21__                              __Doug Kelsay__
DATE                                       SIGNATURE OF REQUESTER

**Part B- RESPONSE**

[Stamp: Legal Office Administrative Remedy NOV 02 2021 FCI Milan Milan, Michigan]

_____                            _____
DATE                                       WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: __1099767-F1__

                                          CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                            _____
DATE                                       RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)  
APRIL 1982

Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # _____

Inmate's Name: **KELSAY, DOUG**

Registration Number: #_**48315-044**_____    Housing Unit: **G-UNIT TEAM**

<u>ATTEMPT AT INFORMAL RESOLUTION:</u>

1. Briefly state the complaint and requested corrective actions.

    *I would like to file a motion for Reduction of Sentence.*

2. Document your efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

    *UNABLE TO INFORMALLY RESOLVE AT THIS LEVEL*

Inmate Signature: *Doug Kelsay*    Date *10-13-21*
Inmate Printed Name: *Doug Kelsay*
Unit Counselor Signature: _____ ccc    Date: *10-13-2021*
Unit Counselor Printed Name: _D.SWETZ /_____

*MUST SUBMIT DIRECTLY TO ^UNIT TEAM ^ TO PROCESS.

| | |
|---|---|
| **BP-229 RESPONSE** | **CASE NUMBER: 1099767-F1** |

Your request for Administrative Remedy (BP-229), dated October 13, 2021, and received in this office on November 2, 2021, has been reviewed. Specifically, you request a Compassionate Release/Reduction in Sentence (RIS).

A review of the issue(s) raised in your BP-229 has been conducted. Your request for Reduction in Sentence (Compassionate Release) has been referred to the Coordinator for processing in accordance with Program Statement 5050.50. You will receive a separate response regarding that request. If your request is denied, you may appeal the decision utilizing the Administrative Remedy process.

Accordingly, your request for administrative remedy is for informational purposes. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____         11/3/21_____
Jonathan Hemingway, Warden                       Date

RECEIPT - ADMINISTRATIVE REMEMDY

DATE: NOVEMBER 16, 2021

*Along with No. 12*

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MILAN FCI

TO  : DOUG KELSAY, 48315-044
      MILAN FCI    UNT: G UNT DRUG    QTR: G04-101U


THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 1099052-F1
DATE RECEIVED   : OCTOBER 26, 2021
RESPONSE DUE    : NOVEMBER 15, 2021
SUBJECT 1       : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2       :

```
                    RECEIPT - ADMINISTRATIVE REMEDY


DATE: NOVEMBER 16, 2021



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MILAN FCI

TO  : DOUG KELSAY, 48315-044
      MILAN FCI    UNT: G UNT DRUG      QTR: G04-101U



THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 1099767-F1
DATE RECEIVED   : NOVEMBER 2, 2021
RESPONSE DUE    : NOVEMBER 22, 2021
SUBJECT 1       : OTHER COMMUNITY PROGRAMS
SUBJECT 2       : OTHER SENTENCE COMPUTATION
```

DS
10/13/

Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # _____

Inmate's Name: **KELSAY, DOUG**

Registration Number: # **48315-044** _____ Housing Unit: **G-UNIT TEAM**

**ATTEMPT AT INFORMAL RESOLUTION:**

1. Briefly state the complaint and requested corrective actions.

   I Did not receive Credit for my County Jail time, I would Like a Recalculation on that.

2. Document your efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

   Unable to Informally Resolve At This Level.

Inmate Signature: *[signed] Doug Kelsay*        Date: 10-13-21
Inmate Printed Name: Doug Kelsay
Unit Counselor Signature: *[signed]*             Date: 10-13-2021
Unit Counselor Printed Name: D.SWETZ /

*MUST SUBMIT DIRECTLY TO ^UNIT TEAM ^ TO PROCESS.

1