UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:18 CR 739 AGF-9 |
| v. ) | |
| ) | |
| DOUG KELSAY, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT KELSAY'S
MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 USC § 3582(C)(1)**

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Carrie Costantin, Assistant United States Attorney for said District, and files its Response to Defendant Kelsay's Motion for Sentence Reduction Pursuant to 18 USC § 3582(c)(1).

On June 27, 2019, defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine.  On October 19, 2019, this Court sentenced him to 102 months in prison.  There has been no change in the sentencing range for the statute since the Court sentenced defendant approximately two years ago.

On December 6, 2021, defendant filed an unsigned motion to reduce his sentence pursuant to 18 USC § 3582(c)(1)(A)(i) which permits a Court, upon motion of a defendant after the defendant has fully exhausted his administrative rights, to reduce a term of imprisonment, after considering the factors set forth in 18 USC §3553(a), if it finds "extraordinary and compelling reasons warrant such a reduction."

Defendant's motion requests a sentence reduction because 1) he was not given credit for time served in county jail on a state charge, 2) he needs dental cavities filled and is on a waiting

list, 3) he does not have access to a computer to do his educational work. None of these reasons constitute "extraordinary and compelling reasons."

Prior to the First Step Act, only the Bureau of Prisons could initiate sentencing reduction requests pursuant to § 3582(c)(1)(A)(i). While the First Step Act changed *who* could file a motion for compassionate release, it did not alter the requirements for granting relief. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) ("Congress in fact only expanded access to the courts; it did not change the standard."). Under the unmodified language in § 3582(c)(1)(A)(i), a sentencing court may reduce a term of imprisonment only for "extraordinary and compelling reasons." This phrase, in turn, is defined by the Sentence Commission's binding policy statement in § 1B1.13 of the Guidelines Manual. *See United States v. Copeland*, No. 3:11-CR-281-J-34JBT, 2020 WL 4193554, at *3 (M.D. Fla. July 21, 2020) ("Nothing in the First Step Act of 2018 changed this delegation of power."). Significantly, "Section 1B1.13 limits the universe of extraordinary and compelling reasons to five categories: (A)(i) terminal illness, (A)(ii) debilitating medical conditions, (B) advanced age, (C) death or incapacitation of certain family members, and (D) other extraordinary and compelling reasons determined by BOP." *United States v. Grunig*, 2021 WL 84489, at *2 (E.D. Mo. 2021) (citing U.S.S.G. § 1B1.13 cmt. n.1). Additionally, before granting early release, the court must verify that the "defendant is not a danger to the safety of any other person or to the community" and consider whether a lesser sentence is appropriate under the section 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). In other words, courts are bound by the plain language of both § 3582(c)(1)(A) and § 1B1.13.[1] Defendant does not claim that he

---

[1] The Government recognizes that several federal courts of appeals, along with judges in this District, have found this definition no longer binding because the Sentencing Commission has not revised § 1B1.13 since the enactment of the First Step Act. However, the Eleventh Circuit and other courts reject this conclusion primarily based on the plain text of § 3582(c)(1)(A), given that "the [First Step Acts]'s procedural change does not affect . . . 1B1.13's substantive standards, specifically the

2

suffers from a terminal illness, debilitating medical condition, advanced age, or that there has been death or incapacitation of family members.  He fails to show other "extraordinary and compelling reasons" that warrant a sentence reduction.

The burden is on the defendant to show that he is entitled to an early release under § 3582(c)(1)(A). *See White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019) ("It is the Petitioner's burden to prove a sentencing reduction is warranted [on a motion for compassionate release].") (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)).  Defendant has not identified an "extraordinary and compelling" reason that "warrant[s]" a reduction in sentence under § 1B1.13.

Defendant states that the Bureau of Prisons has failed to provide him with certain jail time credit, that he has cavities that must be filled and that he lacks a computer to perform educational work.  None of these are "extraordinary and compelling reasons" for a sentencing reduction.

Defendant's Presentence Report (PSR) states that he was charged on October 22, 2018 in Madison County, Illinois, Circuit Court with Delivery of Methamphetamine, Felon in Possession of a Firearm, Aggravated Fleeing and Possession of a Controlled Substance in Docket No.18- CF-3186.  PSR, para. 85. [Document 353].  He was arrested on that offense on October 22, 2018.  He

---

definition of 'extraordinary and compelling reasons.'" *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021); *see also, e.g.*, *United States v. McCloud*, No. CR 405-018, 2020 WL 2843220, at *2 (S.D. Ga. June 1, 2020) (same). *Bryant* also cautions that "[i]nterpreting 1B1.13 as inapplicable to defendant-filed . . . motions would return us to the pre-[Sentencing Reform Act] world of disparity and uncertainty. Except worse." 996 F.3d at 1257. The Eighth Circuit has yet to conclusively resolve this issue. *See, e.g.*, *United States v. Vangh*, 990 F.3d 1138, 1141 n.3 (8th Cir. 2021) (assuming without deciding that "the policy statement in U.S.S.G. § 1B1.13 continues to apply to compassionate-release motions filed after the passage of the First Step Act"); *United States v. Marcussen*, No. 20-2507, 2021 WL 4597778, at *3 (8th Cir. Oct. 7, 2021) (finding it "appropriate . . . to ignore what is, in substance, no more than an academic debate" where a district court does not treat this provision as binding). Until it does, the Government maintains that the Commission's inaction cannot reallocate its delegated authority to the courts, particularly considering that the First Step Act did not alter the plain language in § 3582(c)(1)(A)(i).

3

remained in custody on a parole revocation warrant from Pike County, Illinois (Docket No. 10-CF-39) until he was transferred to the U.S. Marshals' custody on November 7, 2018. PSR, para 43. [Document 353].

Defendant was sentenced to 102 months imprisonment and four years of supervised release on October 22, 2019. The sentence was ordered to run concurrent with the sentences imposed in Pike County Circuit Court (Docket No. 10-CF-39) and Madison County Circuit Court (Docket No.18- CF-3186). Judgment, p. 2 [Document 360].

18 U.S.C. § 3585 sets the calculation of a federal term of imprisonment:

(a) Commencement of Sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
(b) Credit for Prior Custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

(Emphasis added).

The Probation Office addressed defendant's claim concerning credit for time served in a letter dated April 20, 2020. [Document 446]. Probation Officer Sarah Graeler stated that defendant was not credited with any time served prior to October 2, 2019 (the federal sentencing date) because that time was credited against the state sentences; specifically, the parole revocation under Docket No. 10-CF-39 and the new criminal case under Docket No. 18-CF-3186. April 20, 2020 letter, p. 2. [Document 446]. The Bureau of Prisons followed the statute in refusing to credit jail time in the federal case that was already credited against two another state sentences.

4

The Attorney General through the Bureau of Prisons—not the courts—determines the amount of a defendant's jail-time credit. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). "The granting of credit for time served 'is in the first instance an administrative, not a judicial, function.'" *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989)). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *Id.* (citing *Flanagan*, 868 F.2d at 1546).  A § 2241 motion must be filed in the district in which the defendant is confined.

Defendant files this compassionate release motion as a tactic to avoid long-standing precedent.  Failure to provide a defendant with jail time credit is not an extraordinary and compelling reason for a sentencing reduction under §3582(c)(1).  Moreover, the Bureau of Prisons' calculation complied with the statute.  Defendant's other claims—that he has cavities and needs a computer for education—also fail to qualify as an extraordinary and compelling reason for a reduction.

The request for a sentence reduction also should be denied because defendant has failed to demonstrate that he otherwise merits release under the § 3553(a) factors. "In determining whether to grant a motion to modify a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Gileno*, 448 F. Supp. 3d 183, 185 (D. Conn. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A) (directing courts to consider these factors for every request for early release).  A defendant's failure to show that *both* § 3142(g) *and* § 3553(a) favor a reduced sentence is fatal to such a request. *See United States v. Brummett*, No. 6:07-103-DCR, 2020 WL 1492763, at *3–4 (E.D. Ky. Mar. 27, 2020) (concluding that the danger defendant posed to the community and the § 3553(a) factors each provided an independent basis for denying a request for compassionate release). Here, defendant fails to show the factors in § 3553(a) favor a reduced sentence.

The current § 3553(a) factors are identical to those in September 2019, when defendant was sentenced. Defendant was a lower-level dealer in a large scale methamphetamine trafficking conspiracy. He has prior convictions for armed robbery, home invasion, burglary, harassment, possession of cocaine, resisting arrest, felony property damage, retail theft, possession of cocaine, burglary, unlawful delivery of cocaine, and felony stealing. He committed this offense while on parole. His criminal history is category VI. His guideline range was 110 to 137 months. He received a below-guideline 104-month prison sentence. His desire for dental care and a computer does not outweigh his lifetime of crime.

For the foregoing reasons, the Government respectfully requests that the Court deny defendant Kelsay's Motion for Sentence Reduction Pursuant to 18 USC 3582(c)(1).

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/Carrie Costantin*
Carrie Costantin, #35925 MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Carrie Costantin*
CARRIE COSTANTIN #35925 MO
Assistant United States Attorney