UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cr-00739-AGF |
| | ) | |
| DOUG KELSAY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Doug Kelsay has filed a pro se motion[1] for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 685).  The Government has filed an opposition to Kelsay's motion.

Kelsay argues that he is entitled to a reduction in his sentence because (1) he was not given credit for approximately 14 months served in the county jail prior to the imposition of his federal sentence; (2) he needs to have cavities filled and is not receiving adequate dental care; and (3) he does not have access to a computer to do his educational work.  Upon consideration of the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court will deny Kelsay's

---

[1] Defendant presented one of the grounds for his motion, namely the denial of credit for time served, to his prior counsel.  That attorney, after review of the matter, explained he did not believe Defendant qualified for a reduction, and declined to file a motion on Defendant's behalf.

motion.

Kelsay pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, and on October 2, 2019, the Court sentenced him to 102 months' imprisonment.  As the government notes in its response, there has been no change in the sentencing range for the statute since Defendant was sentenced in 2019.  Kelsay is currently incarcerated at Milan FCI, in York Charter Township, Michigan, and alleges that his current "good conduct time" release date December 29, 2026.

The burden rests with Defendant to show he is entitled to early release under 18 U.S.C. § 3582(c)(1)(A).  *White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)).  Kelsay has not met that burden here.  First, any request for credit for time served is not properly before this Court. Such claims, if administrative remedies have been exhausted, must be brought under 28 U.S.C. §2241, and must be filed in the district in which the defendant is confined.  *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989); *Gutierrez-Diaz v. Sniezek*, No. 4:06CV1234, 2006 WL 2233225, at *1 (N.D. Ohio Aug. 3, 2006).  In any event, the Bureau of Prisons appears to have properly addressed this issue.  As explained in the letter from the Probation Office dated April 20, 2020 (Doc. No. 446), Kelsay was not credited with any time served prior to October 2, 2019 because that time was credited against his two state sentences for parole revocation under Docket No. 10-CF-39 and his new criminal case under Docket No. 18-CF-3186.

4

Kelsay further asserts he needs to have cavities filled and is on the wait list for dental care.  However, neither his need to have cavities filled nor his further complaints that items such as dental floss are not routinely available constitute "extraordinary and compelling" reasons for compassionate release or a sentence reduction within the meaning of Section 3582(c)(1)(A).  *See United States v. Dutervil*, No. 16-CR-60322-GAYLES, 2021 WL 371595, at *2 (S.D. Fla. Feb. 3, 2021); *White*, 378 F. Supp. 3d at 786-87.   Nor does his desire to have access to a computer for educational purposes, rather than a typewriter, qualify as a basis for such a reduction.

Kelsay also asserts that he is eligible for approximately 18 months' time in reduced security confinement pursuant to 18 U.S.C. § 3624(g).  It is unclear whether he is asserting this as a ground for relief, or simply for informational purposes.  But any request for 18 months in reduced security confinement pursuant to 18 U.S.C. §3624(g) is a matter, in the first instance, for the Bureau of Prisons, and is not properly before this Court.  *United States v. Gibney*, 4:15CR00097-JAR, 2021 WL 409960, at *3 (E.D. Mo. Feb. 5, 2021).  Moreover, Kelsay has not provided any information on which such an assessment could be made.

Finally, considering all of the sentencing factors listed under 18 U.S.C. § 3553(a), the Court again concludes that the sentence previously imposed is necessary to meet the sentencing objectives of reflecting the seriousness of this defendant's crime and providing appropriate punishment, incapacitation, and deterrence.  In this regard, the Court notes that

5

Kelsay was convicted for his role in a substantial methamphetamine trafficking conspiracy, which is a serious offense.  He has a substantial criminal history, which placed him in criminal history category VI at the time of his sentencing, and committed the instant offense while on parole.  And he has served only slightly more than two years of his 102-month sentence.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1) is **DENIED**.  ECF No. 685.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of December, 2021.

6